FILED
2019 May-29 PM 02:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| PERCY JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 7:17-cv-01668-LSC |
| ) | |
| NES EXPRESS, LLC, ) | |
| ) | |
| Defendant. ) | |

## Memorandum of Opinion

### I. Introduction

This is a personal injury lawsuit arising out of a motor vehicle accident involving two 18-wheelers and a pickup truck. Plaintiff Percy Jones ("Jones") brings claims of negligence; wantonness; negligent and/or wanton entrustment; and negligent and/or wanton hiring, supervision, training, and/or retention against Defendant NES Express, LLC ("NES"). NES has moved for summary judgment on all of Jones's claims except for his negligence claim. (*See* Doc. 14.) The motion has been fully briefed and is ripe for review. Jones concedes that NES is entitled to summary judgment on Count Two, Negligent and/or Wanton Entrustment, and Count Three, Negligent and/or Wanton Hiring, Supervision, Training, and/or Retention. (*See* Doc. 18 at 2.) Therefore, NES's motion for summary judgment on

these claims is due to be granted. For the reasons stated below, NES's motion for summary judgment on Jones's wantonness claim is due to be denied.

## II. Background[1]

The accident that gives rise to this suit occurred at approximately 10:28 AM on May 4, 2017, on Interstate 59. The accident involved Christopher Gilbertson ("Gilbertson"), a licensed commercial driver who was driving a tractor-trailer for NES, and Jones, who was driving a pickup truck in front of Gilbertson's vehicle. Another 18-wheeler was driving in front of Jones's truck. Gilbertson rear-ended Jones, which according to Gilbertson, caused Jones's vehicle to be "pinched" between the two tractor-trailers. Gilbertson reported to NES's founder, Sinisa Nedic ("Nedic"), that prior to the collision he had been "cut off" by Jones's vehicle. (*See* Doc. 14 at 51.)

The accident occurred near a construction zone where construction barrels placed in the left-hand lane required all traffic to merge right. According to Trooper Johnny B. Clark ("Trooper Clark"), who responded to the accident, there were no sight obstructions on this stretch of road and clearly marked work zone signs were in place. Trooper Clark also testified that the roadway was wet with a mist of rain.

---

[1] In ruling on a motion for summary judgment, this Court views the facts "in the light most favorable" to the non-movant and "constru[es] all reasonable inferences in his favor." *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1092 (11th Cir. 2014).

This is consistent with the road conditions Gilbertson described to Nedic. Nedic testified that Gilbertson told him that when the wreck occurred it was rainy, there was "a lot of construction," and "a lot of traffic." (*See id.*) According to Jones's expert, based on his review of Gilbertson's tractor-trailer's Electronic Control Module ("ECM") data, just prior to the accident the driver's cruise control was on and set at 65 mph. The ECM data also indicated that Gilbertson did not begin braking until just over one second before his tractor-trailer rear-ended Jones's truck.

**III.     Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact[2] and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if "the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). A genuine dispute as to a material fact exists "if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (quoting *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001)). The trial judge should not weigh the evidence, but determine whether there are any genuine

---

[2]     A material fact is one that "might affect the outcome of the case." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1049 (11th Cir. 2015).

issues of fact that should be resolved at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

In considering a motion for summary judgment, trial courts must give deference to the non-moving party by "view[ing] the materials presented and all factual inferences in the light most favorable to the nonmoving party." *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 789 F.3d 1206, 1213–14 (11th Cir. 2015) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). However, "unsubstantiated assertions alone are not enough to withstand a motion for summary judgment." *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529 (11th Cir. 1987). Conclusory allegations and "mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." *Melton v. Abston*, 841 F.3d 1207, 1219 (11th Cir. 2016) (per curiam) (quoting *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 860 (11th Cir. 2004)). In making a motion for summary judgment, "the moving party has the burden of either negating an essential element of the nonmoving party's case or showing that there is no evidence to prove a fact necessary to the nonmoving party's case." *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1242 (11th Cir. 2013). Although the trial courts must use caution when granting motions for summary judgment, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral

part of the Federal Rules as a whole." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

**IV.     Discussion**

Under Alabama law, wantonness is "the conscious doing of some act or the omission of some duty while knowing of the existing conditions *and* being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Ex parte Essary*, 992 So. 2d 5, 9 (Ala. 2007) (emphasis in original) (citing *Bozeman v. Cent. Bank of the S.*, 646 So. 2d 601 (Ala. 1994)). Wantonness is not simply a more severe version of negligence, but is an entirely different tort concept. *Id.* While negligence is characterized as "the inadvertent omission of duty," wanton misconduct is characterized by the state of mind of consciously taking an action with knowledge that "the doing or not doing of [the act] will likely result in injury . . . ." *Id.* (quoting *Tolbert v. Tolbert*, 903 So. 2d 103, 114–15 (Ala. 2004)). Wantonness is typically a question of fact for the finder of fact. *See Cash v. Caldwell*, 603 So. 2d 1001, 1003 (Ala. 1992).

The Court concludes that there is a genuine dispute of material fact as to whether Gilbertson acted wantonly. While driving at a high rate of speed does not demonstrate inherently reckless behavior on its own, excess speed coupled with other circumstances can establish that an individual's behavior was inherently reckless and thus constituted wantonness. *See Knowles By & Through Harrison v.*

*Poppell*, 545 So. 2d 40, 42 (Ala. 1989); *Smith v. Cullen*, 116 So. 2d 582, 586 (Ala. 1959). Here, Gilbertson reported to his boss that at the time of the accident it was rainy, there was "a lot of construction," and "a lot of traffic." (Doc. 14 at 51.) This is consistent with Trooper Clark's testimony that "the roadway was wet with a mist of rain," the wreck occurred near a construction zone, and "[b]arrels had been placed in the left-hand lane requiring all traffic to merge to the right." (Doc. 18 at 22.) Despite his knowledge of these road conditions, there is evidence that Gilbertson had his cruise control set to 65 mph and did not start braking until one second before his tractor-trailer collided with Jones's truck.

Under similar circumstances, the Alabama Supreme Court has held that a driver's actions could constitute wantonness. For example, in *Hornady Truck Line, Inc. v. Meadows*, 847 So. 2d 908, 916 (Ala. 2002), the court found evidence of wantonness where a truck driver failed to check his mirrors and drifted into the left lane while traveling at an unsafe speed during a heavy storm. In that case, the court noted that there was sufficient evidence to submit the wantonness claim to a jury because the driver "knew the weather conditions," "knew the road conditions," and "knew the speed at which [the] vehicles were traveling" but continued to travel at an unsafe speed. *See id.* at 915. Like the road conditions in *Hornady*, the road conditions present in this case arguably called for drivers to use greater caution than normal. These road conditions, coupled with evidence of Gilbertson's inattention and high

rate of speed, could support an inference of wantonness. This is true even if, as NES contends, Jones's vehicle abruptly "cut Gilbertson off" because it could be inferred that Gilbertson deliberately failed to adjust his driving to the adverse road conditions that he faced. Accordingly, NES's motion for summary judgment on Jones's wantonness claim is due to be denied.[3]

## V.      Conclusion

For the reasons stated above, NES's motion for partial summary judgment (doc. 14) is due to be GRANTED in PART and DENIED in PART. The motion is due to be denied with regard to Jones's wantonness claim and granted with regard to Jones's negligent and/or wanton entrustment and negligent and/or wanton hiring, supervision, training, and/or retention claims. An order consistent with this opinion will be entered contemporaneously herewith.

---

[3] NES objects to the affidavit of Trooper Clark, arguing that his affidavit constitutes inadmissible hearsay because it includes information Trooper Clark obtained from interviews with Jones and the driver of the other 18-wheeler. In ruling on this motion for summary judgment, the Court has not relied on Trooper Clark's testimony of what these individuals told him. Instead, the only portion of Trooper Clark's affidavit that the Court has considered is his description of the road conditions around the time of the accident. This portion of Trooper Clark's affidavit is admissible because, as the officer who responded to the wreck, Trooper Clark would have personal knowledge of these road conditions. Moreover, even if the Court had not considered Trooper Clark's testimony about the road conditions, the result of this Opinion would not change. Gilbertson's own description of the road conditions at the time of the accident, combined with evidence of his inattention and speed of travel, is sufficient to create a question of fact on the issue of wantonness.

**DONE** and **ORDERED** on May 29, 2019.

_____
L. Scott Coogler
United States District Judge

194800